# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

DAVID LEE MUNDY,

       Petitioner,

v.                           CASE NO.  5:11cv71-RH/GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

       Respondent.

_____/


## ORDER DENYING THE PETITION


By petition for a writ of habeas corpus under 28 U.S.C. § 2254, David Lee

Mundy challenges a state-court conviction.  The principal issues arise from the

state court's denial of Mr. Mundy's motion to suppress his confession.  Mr. Mundy

voluntarily gave the confession after he had repeatedly been advised of his rights

under *Miranda v. Arizona*, 384 U.S. 436, 467-73 (1966), but also after charges had

been filed and an attorney had been appointed to represent Mr. Mundy in factually

related cases.  The attorney was unaware that an officer was speaking with Mr.

Mundy in an effort—successful as it turns out—to obtain a confession.  This order

holds that soliciting the confession did not violate the United States Constitution.

And the order holds that Mr. Mundy's attorney did not render ineffective assistance when he lost the motion to suppress.

I

The case is before the court on the magistrate judge's amended report and recommendation, ECF No. 45, and Mr. Mundy's objections, ECF No. 46.  I have reviewed *de novo* the issues raised by the objections.  The recommendation is for denial of the petition.  This order accepts the recommendation.  The order addresses on the merits the issues arising from the motion to suppress.  And the order adopts as the court's opinion, without further discussion, the report and recommendation's treatment of the only other issue—Mr. Mundy's challenge to the state courts' handling of his effort to discharge his court-appointed attorney.

II

Mr. Mundy's claims were presented in the state courts through trial, direct appeal, and a full round of collateral review.  Mr. Mundy lost on the merits.

A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  A long and ever-growing line of cases

addresses these standards.  *See, e.g.*, *Williams v. Taylor*, 529 U.S. 362 (2000);

*Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012).  No purpose

would be served by repeating here all the analysis set out in the many cases.

### III

This petition challenges Mr. Mundy's conviction in the state circuit court in

Washington County, Florida.  Related cases went forward in the circuit court in

Bay County, Florida.  Mr. Mundy's confession was relevant in all the cases.

Evidentiary hearings on motions to suppress the confession occurred first in

Bay County, then in Washington County.  The evidence in the Washington County

suppression hearing included both live testimony and a transcript from the Bay

County suppression hearing.  The state's witnesses in both hearings included Bay

County Sheriff's Department investigators Don McCormick and Frank McKeithen.

Mr. Mundy testified in the Bay County suppression hearing; the transcript made

his testimony available in Washington County as well.

In the Washington County case now under review—just as in the separate

Bay County cases—the court resolved factual disputes by crediting the officers'

testimony and disbelieving Mr. Mundy's conflicting testimony.  The appellate

court upheld the findings.

A court of course cannot automatically credit officers' testimony or reject a

defendant's conflicting testimony.  But on the specific facts of this case, crediting

the officers' testimony was reasonable.  The state court's findings were a reasonable determination of the facts in light of the evidence.  This order sets out the facts consistently with the state court's findings.

IV

On the night of December 18, 1994, as part of an investigation of a series of robberies, Mr. McCormick stopped a vehicle Mr. Mundy was driving in Bay County.  Mr. McCormick advised Mr. Mundy of his *Miranda* rights.  Mr. Mundy said he understood the rights.  Mr. McCormick did not attempt to talk with Mr. Mundy about the robberies.  Mr. Mundy did not indicate whether he did or did not wish to make a statement and did not indicate whether he did or did not wish to speak to an attorney.  ECF No. 32-1 at 62-64, 301-03.

After midnight—that is, early on December 19—Mr. Mundy was taken to the Bay County Sheriff's Department and into Mr. McKeithen's office.  Mr. McKeithen again advised Mr. Mundy of his *Miranda* rights.  Mr. McKeithen engaged in small talk in an effort to establish a rapport with Mr. Mundy.  Mr. Mundy said he did not wish to talk about the robberies "right now" or "at this time."  *Id*. at 85, 308; *see also* ECF No. 29-1 at 4.  But Mr. Mundy did not say he did not wish to talk about the robberies at all.  And he did not ask for an attorney.  At the end of the discussion, Mr. McKeithen understood the situation to be this: Mr. Mundy "did not want to talk about the charges, and he said if he decided to

talk to me later he would; and I told him that he knew how to get in touch with me and he was taken downstairs and charged." ECF No. 32-1 at 70.

Formal charges were filed in at least two separate cases in Bay County. Mr. Mundy had initial appearances on December 19 and 20. An attorney was appointed to represent Mr. Mundy in those cases. But Mr. Mundy did not have an opportunity to talk with the attorney. As part of the initial appearances, Mr. Mundy apparently was advised yet again of his right to remain silent. *See* Fla. R. Crim. P. 3.130 (1994).

On December 21, Mr. Mundy called Mr. McKeithen and asked to use a telephone. Mr. McKeithen arranged for Mr. Mundy to be brought to Mr. McKeithen's office, where Mr. Mundy used the telephone.

After the call ended, Mr. McKeithen kept Mr. Mundy in the office for a few minutes to "[s]ee if he wanted to talk to me about the robberies." ECF No. 32-1 at 87. Mr. McKeithen asked Mr. Mundy whether he wanted to talk. Mr. Mundy hesitated briefly and asked Mr. McKeithen what a codefendant had said. Mr. McKeithen played a recording that included a description of what the codefendant had said. Mr. McKeithen again asked Mr. Mundy whether he wanted to talk. And Mr. McKeithen again advised Mr. Mundy of the *Miranda* rights. This time Mr. Mundy signed a waiver of those rights. Mr. Mundy then gave the taped confession that is now at issue.

In due course—apparently in January 1995—the charges now at issue were filed in Washington County. On February 3, 1995, Mr. Mundy had an initial appearance in Washington County. At that time a different attorney—not the attorney who was representing Mr. Mundy in Bay County—was appointed to represent him in the Washington County case. *See* ECF No. 32-1 at 17-18.

V

The Fifth and Sixth Amendments create separate rights to an attorney. The rights are not coextensive and must be analyzed separately.

A

The Fifth Amendment does not mention a right to an attorney. But the Supreme Court recognized such a right in *Miranda* as part of the prophylactic rule the Court put in place to safeguard the right against self-incrimination. One of the *Miranda* rights is the right to have an attorney present during questioning. The right is not case-specific; it attaches not to specific charges but to the person who is in custody.

Before an officer may interrogate a person who is in custody, the person must be advised of the *Miranda* rights. Different consequences follow a person's invocation of the right to remain silent, on the one hand, or the person's invocation of the right to an attorney, on the other hand.

If the person unequivocally invokes the right to remain silent, an officer may not immediately initiate a further effort to obtain a statement, but the officer may do so after a "significant period of time." *Christopher v. Florida*, 824 F.2d 836, 844 (11th Cir. 1987) (citing *United States v. Hernandez*, 574 F.2d 1362, 1369 (5th Cir. 1978)); *see also Michigan v. Mosley*, 423 U.S. 96, 104-05 (1975); *United States v. Nash*, 910 F.2d 749, 752 (11th Cir. 1990).

If the person unequivocally invokes the right to have an attorney present, in contrast, an officer may not initiate a further effort to obtain a statement at all, no matter how much time has passed.  And this is so even if the person later purports to waive the right to an attorney.  An uncounseled waiver after invoking the right to an attorney is ineffective.  *See, e.g.*, *Edwards v. Arizona*, 451 U.S. 477, 484 (1981).  There are, however, exceptions.  One is this: if a person who has invoked the right to an attorney later initiates sufficient contact with an officer, the officer may respond, and the person may validly waive the right to an attorney.  *Id*. at 484-85.

Here Mr. Mundy has no claim under *Miranda* and *Edwards* because, on the facts as testified to by the officers and found by the state court, Mr. Mundy never invoked his right to have an attorney present during questioning.  Nor did he unequivocally invoke the right to remain silent.  *See Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010) (holding that *Miranda* rights must be invoked

unequivocally).  By voluntarily agreeing to talk with Mr. McKeithen after repeated

*Miranda* warnings, Mr. Mundy validly waived his Fifth Amendment right to

remain silent and his Fifth Amendment right to have an attorney present during

questioning.  And this is so even on the view that Mr. McKeithen—not Mr.

Mundy—initiated the relevant discussion.

B

The Sixth Amendment explicitly recognizes a defendant's right to an

attorney.  The right attaches at every critical stage of a criminal prosecution.  And

the right is offense-specific; it applies to the specific offense at issue.  *See McNeil*

*v. Wisconsin*, 501 U.S. 171, 175 (1991).  Mr. Mundy's Sixth Amendment right to

an attorney in connection with the Bay County charges arising from these

robberies attached at the initial appearances when an attorney was appointed to

represent him.

But the Sixth Amendment right did not attach at that time for the separate

but related Washington County charges.  Those charges had not yet been filed, and

an attorney had not been appointed to represent Mr. Mundy on those charges.  *See*

*Texas v. Cobb*, 532 U.S. 162, 167 (2001) (holding that the Sixth Amendment right

to counsel is offense-specific and does not attach to other offenses even when they

are "closely related factually"); *see also id.* at 173 (applying the double-jeopardy

test of *Blockburger v. United States*, 284 U.S. 299, 304 (1932)—whether each

crime "requires proof of a fact which the other does not"—to determine whether

the Sixth Amendment right to an attorney in one case attaches in a separate case);

*McNeil v. Wisconsin*, 501 U.S. 171, 175-76 (1991) (holding that the Sixth

Amendment right had not attached in one county even though an attorney had been

appointed on related charges in another county); *Philmore v. McNeil*, 575 F.3d

1251, 1258 (11th Cir. 2009) (following *Cobb* and *McNeil v. Wisconsin*). This

without more defeats Mr. Mundy's Sixth Amendment claim.

Moreover, even in the Bay County cases in which the right to an attorney

had attached, Mr. Mundy has shown no violation of the Sixth Amendment. The

Sixth Amendment right does not prevent officers from initiating contact with a

defendant and accepting an uncounseled waiver of the right to have an attorney

present during questioning. The United States Supreme Court squarely so held in

*Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). The Eleventh Circuit has

explained the decision this way: "just because a defendant is represented by

counsel does not mean police are precluded from approaching defendant and

seeking defendant's consent to interrogation." *United States v. Rojas*, No. 13-

12432, ___ F. App'x ___, 2014 WL 241772, at *2 (11th Cir. Jan. 23, 2014).

In arguing the contrary in the objections to the report and recommendation,

Mr. Mundy cites *Michigan v. Jackson*, 475 U.S. 625 (1986). There the Supreme

Court held that when a defendant has asserted the right to an attorney at an

arraignment or similar proceeding—as Mr. Mundy did in Bay County—any later
uncounseled waiver of the right to an attorney is presumed invalid. *Jackson* does
not help Mr. Mundy because in *Montejo* the Supreme Court expressly overruled
*Jackson*. *See Montejo*, 475 U.S. at 797.

C

The bottom line is this: the denial of Mr. Mundy's suppression motion did
not violate the United States Constitution, and this is so regardless of who initiated
the discussion that produced the confession. The state courts' rejection of this
claim was not contrary to or an unreasonable application of federal law or based on
an unreasonable determination of the facts. Mr. Mundy is not entitled to relief on
this claim.

In reaching this result, I have not overlooked Florida decisions that
apparently recognize a broader state-law right to an attorney. Those decisions hold
that after an attorney has been appointed, officers may not initiate a discussion of
the case with the defendant in the attorney's absence; an uncounseled waiver is
ineffective. *See, e.g.*, *Phillips v. State*, 612 So. 2d 557, 559 (Fla. 1992); *Traylor v.
State*, 596 So. 2d 957, 968 (Fla. 1992). But those decisions do not help Mr.
Mundy, for two reasons.

First, under those decisions, the issue of who initiated the relevant
discussion—whether it was Mr. McKeithen or Mr. Mundy—would be critical. But

it would be critical only in the Bay County cases, not in Washington County. Under Florida law, just as under the Sixth Amendment, the right to an attorney is offense-specific.  In *Traylor*, 596 So. 2d at 968, 972, the Florida Supreme Court held that the Florida constitutional right to counsel is "charge-specific" and that an uncounseled confession to a Florida murder was admissible even though it was obtained after an attorney was appointed for an Alabama murder charge.  In so holding, the court cited the United States Supreme Court's decision in *McNeil v. Wisconsin*, thus suggesting that on this point—attachment of the right to an attorney in separate cases—Florida law tracks federal law.  At least on this view, when Mr. Mundy gave the confession now at issue, his Florida-law right to an attorney had attached in Bay County, but not in Washington County.

Second, a federal court of course cannot grant a writ of habeas corpus based on a violation of state law.  *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' " (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  So even if the motion to suppress should have been granted based on Florida law, Mr. Mundy would not be entitled to relief in this federal habeas proceeding.

## VI

Mr. Mundy asserts his attorney rendered ineffective assistance on the motion to suppress.  An ineffective-assistance claim is governed by *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  To succeed, a defendant must show both

deficient performance and prejudice.  Mr. Mundy has shown neither.

An attorney does not render ineffective assistance just because the court

does not accept the attorney's arguments.  In the Washington County case under

review, Mr. Mundy's attorney moved to suppress and put the relevant evidence

before the court.  Mr. Mundy has suggested nothing the attorney could or should

have done differently that would have affected the court's ruling.

To be sure, the attorney did not cite all the cases discussed in this order or

analyze the issues as thoroughly as has been done here.  But the attorney

apparently persuaded the court that Mr. Mundy would be entitled to prevail on a

showing that Mr. McKeithen, not Mr. Mundy, initiated the discussion that led to

the confession.  Mr. Mundy has no ground to complain about the attorney's work

to that point.

Having prevailed on that legal principle, the attorney perhaps should have

cited the United States Supreme Court's statement that a person who has invoked

the right to an attorney does not initiate a further discussion—thus allowing

officers to again solicit a waiver—merely by asking to use a telephone:

> [S]ome inquiries, such as a request for a drink of water or a request to use a
> telephone . . . are so routine that they cannot be fairly said to represent a
> desire on the part of an accused to open up a more generalized discussion
> relating directly or indirectly to the investigation.  Such inquiries or
> statements, by either an accused or a police officer, relating to routine

> incidents of the custodial relationship, will not generally "initiate" a
> conversation in the sense in which that word was used in *Edwards*.

*Oregon v. Bradshaw*, 462 U.S. 1039, 1045 (1983).

But citing this case probably would have made no difference.  At the suppression hearing, the state did not assert that merely asking to use a telephone initiated a discussion of the case.  Instead, the state asserted that Mr. Mundy did more than just ask to use the telephone; he engaged in an emotional call in Mr. McKeithen's presence and seemed to want to talk about the case.  The state asserted that this sufficiently initiated a discussion of the case.  The court accepted this assertion over Mr. Mundy's attorney's contrary argument.

As an original matter, one might well conclude that the court got this wrong.  But as set out above, federal habeas relief is not available based on an error of state law.  And even if the court was wrong on this point, its ruling was probably correct; Mr. Mundy's right to an attorney on the Washington County charges had not attached when he gave the confession.

Federal habeas relief *is* available based on ineffective assistance of counsel, including ineffective assistance on an issue of state law.  But relief is available only on a showing of both deficient performance and prejudice.  No settled federal law indicates that this attorney's performance was deficient.  And it is more than a little unlikely that citing one more case—a case not involving an emotional call in

the officer's presence or a perceived inclination to talk about the offense—would have made any difference.

In short, Mr. Mundy lost the motion to suppress—and the appeal of that ruling—not because of anything his attorney did or did not do, but simply because the courts ruled against him.  The state courts' rejection of Mr. Mundy's ineffective-assistance claim was not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.  Mr. Mundy is not entitled to relief on this claim.

## VII

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1.     The amended report and recommendation is ACCEPTED. It is adopted as the court's opinion on Mr. Mundy's challenge to the state courts' handling of his effort to discharge his court-appointed attorney.

2.     The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3.     A certificate of appealability is DENIED.

4.     The clerk must close the file.

SO ORDERED on March 26, 2014.

s/Robert L. Hinkle
United States District Judge